**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**Civil Case Number:** _____

|  |  |
|---|---|
| Delroy Chambers, Jr., | : |
| Plaintiff, | : |
| vs. | : |
| CoreLogic, Inc., | : |
| Defendant. | : |

**COMPLAINT**

For this Complaint, the Plaintiff, Delroy Chambers, Jr., by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

4. The Plaintiff, Delroy Chambers, Jr. ("Plaintiff"), is an adult individual residing in Orlando, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. The Defendant, CoreLogic, Inc. ("Defendant"), is a California business entity with an address of 40 Pacifica, Suite 900, Irvine, California 92618. Defendant is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) and a reseller as the term is defined by 15 U.S.C. § 1681(a)(u).  Defendant is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. In or around October 2017, Plaintiff applied for housing at Avesta Shore Club ("Avesta").

7. Thereafter, Avesta submitted Plaintiff's information to Defendant for background screening report.

8. Defendant performed the background screening report, which included a criminal records search, and furnished the results to Avesta.

9. Upon Avesta's receipt of the report, Plaintiff was denied housing.

10. The report erroneously states that Plaintiff had a Felony charge.

11. However, the information provided by Defendant to Avesta is inaccurate as it was actually a Misdemeanor.

12. The inaccurate report contains damaging information to Plaintiff's character and reputation.

13. Plaintiff disputed incorrect information with Defendant; however, on November 17, 2017, Defendant verified the report as accurate.

14. In addition to having been denied housing, Plaintiff has suffered actual damages in the form of harm to reputation and emotional distress, including anxiety, frustration,

embarrassment and humiliation.

15. Defendant failed to take any steps to verify the accuracy of the information contained in Plaintiff's report before furnishing it to Avesta.

16. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal law.

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. 15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

19. In addition, 15 U.S.C. § 1681d(d)(3) provides that "a consumer reporting agency shall not furnish an investigative consumer report that includes information that is a matter of public record and that relates to an arrest, indictment, conviction, civil judicial action, tax lien, or outstanding judgment, unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished."

20. Defendant violated §§ 1681e(b) and 1681d(d)(3) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

21. These failures directly caused the denial of Plaintiff's application for an apartment with Canterbury, which has damaged Plaintiff.

22.     As a result of Defendant's violations of §§ 1681e(b) and 1681d(d)(3) of the FCRA, Plaintiff is entitled to damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

D. Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

E. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 17, 2019

Respectfully submitted,

By      */s/ Tamra Givens*
Tamra Givens, Esq.
Florida Bar No. 657638
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
tgivens@lemberglaw.com